1  J. FARMER, State Bar No. 139646
   douglas.farmer@ogletreedeakins.com
2  GREGORY C. CHENG, State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, California 94105
5  Telephone:    (415) 442-4810
   Facsimile:    (415) 442-4870
6
7  Attorneys for Defendant
   GREYHOUND LINES, INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 MANUEL G. GUARDADO,                    Case No. C 08-02018 WHA

12              Plaintiff,

13 v.                                     **CERTIFICATE OF SERVICE AND
                                          FILING OF NOTICE TO PLAINTIFF AND
14 GREYHOUND BUS LINES, INC.; VANDER      CLERK OF THE CALIFORNIA
   BROWN, an Individual; and DOES 1 through  SUPERIOR COURT OF REMOVAL OF
15 100, inclusive.                        CIVIL ACTION TO UNITED STATES
                                          DISTRICT COURT**
16              Defendants.

17

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

                                                      CASE NO. C 08-02018 EMC

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF MANUEL G. GUARDADO AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 17, 2008, Defendant Greyhound Lines, Inc. ("Defendant") filed in the United States District Court for the Northern District of California, a Notice of Removal of Civil Action in the matter entitled <u>Manuel G. Guardado v. Greyhound Bus Lines, Inc., et al.</u>, previously filed in the Superior Court of the State of California, County of Los Angeles, where it was classified as Case No. 108CV105989.

PLEASE TAKE FURTHER NOTICE that on April 17, 2008, promptly after filing the Notice of Removal with the Clerk of the United States District Court, Defendant also filed copies thereof with the Clerk of the Superior Court of the State of California, County of Santa Clara, thereby effecting removal of this action pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Adverse Parties of Removal of Action to the United States District Court by Defendant Greyhound Lines, Inc. filed with the Superior Court of the State of California, County of Santa Clara, is attached hereto as Exhibit 1 and is incorporated herein by this reference.

DATED: May 1, 2008                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:   /s/ Gregory C. Cheng
            Gregory C. Cheng
Attorneys for  Defendant
GREYHOUND LINES, INC.

CERTIFICATE OF SERVICE AND FILING OF NOTICE TO PLAINTIFF AND CLERK OF THE CALIFORNIA SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**EXHIBIT 1**

1   DOUGLAS J. FARMER, State Bar No. 139646
    douglas.farmer@ogletreedeakins.com
2   GREGORY C. CHENG, State Bar No. 226865
    gregory.cheng@ogletreedeakins.com
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Steuart Tower, Suite 1300
4   One Market Plaza
    San Francisco, California 94105
5   Telephone:   (415) 442-4810
    Facsimile:   (415) 442-4870
6
    Attorneys for Defendant
7   GREYHOUND LINES, INC.

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SANTA CLARA

10

11  MANUEL G. GUARDADO,                    Case No. 108CV105989

12              Plaintiff,                 [Assigned for all purposes to Judge James
                                           Emerson; Dept. 19]
13       v.
                                           **NOTICE TO ADVERSE PARTIES OF**
14  GREYHOUND BUS LINES, INC.;             **REMOVAL OF ACTION TO THE**
    VANDER BROWN, an Individual; and       **UNITED STATES DISTRICT COURT**
15  DOES 1 through 200, inclusive,         **BY DEFENDANT GREYHOUND**
                                           **LINES, INC.**
16              Defendant.
                                           Action Filed:  February 18, 2008
17                                         Trial Date:    None

18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                    1

1  **TO THE CLERK OF THE COURT, PLAINTIFFS AND HIS ATTORNEYS OF**

2  **RECORD:**

3      **PLEASE TAKE NOTICE THAT** a Notice of Removal of this action was filed in

4  the United States District Court for the Northern District of California on April 17, 2008 by

5  Defendant Greyhound Lines, Inc.  Attached hereto as Exhibit "A" is a copy of the Notice of

6  Removal and supporting papers, the filings of which effect the removal of this action to the

7  United States District Court, Northern District of California.

8

9  DATED: April 17, 2008          OGLETREE, DEAKINS, NASH, SMOAK &
                                         STEWART, P.C.

10

11                            By: _____

12                                     Gregory C. Cheng

13                           Attorneys for Defendant
                         GREYHOUND LINES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT BY DEFENDANT GREYHOUND LINES, INC.'S

**EXHIBIT A**

ORIGINAL
FILED

08 APR 17 PM 3: 19

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

1   DOUGLAS J. FARMER, State Bar No. 139646
    douglas.farmer@ogletreedeakins.com
2   GREGORY C. CHENG, State Bar No. 226865
    gregory.cheng@ogletreedeakins.com
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Steuart Tower, Suite 1300
4   One Market Plaza
    San Francisco, California 94105
5   Telephone:    (415) 442-4810
    Facsimile:    (415) 442-4870
6
7   Attorneys for Defendant
    GREYHOUND LINES, INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  MANUEL G. GUARDADO,                    Case No.  C08  02018 EMC

12              Plaintiff,                 (Santa Clara County Superior Court, Case No.
                                           108CV105989)
13     v.
                                           NOTICE OF REMOVAL OF CIVIL
14  GREYHOUND BUS LINES, INC.; VANDER      ACTION TO FEDERAL COURT BY
    BROWN, an Individual; and DOES 1 through DEFENDANT GREYHOUND LINES, INC.
15  100, inclusive.

16              Defendants.

17

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Notice of Removal
(Federal Court).doc

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN

2    DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that Defendant Greyhound Lines, Inc. (erroneously sued as

4    "Greyhound Bus Lines, Inc.") (hereinafter referred to as "Defendant"), through undersigned

5    counsel, hereby removes the above-captioned action from the Superior Court of the State of

6    California for the County of Santa Clara, to the United States District Court for the Northern

7    District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

8          Defendant's Notice of Removal is based upon and supported by the following:

9                            THE STATE COURT ACTION

10          1.    On or about February 19, 2008, Plaintiff Manuel G. Guardado ("Plaintiff") filed an

11   unverified Complaint for Damages (the "Complaint") in the Superior Court of the State of

12   California, County of Santa Clara, entitled <u>Manuel G. Guardado v. Greyhound Bus Lines, Inc.;</u>

13   <u>Vander Brown, an Individual; and Does 1 through 100, inclusive.</u>, Case No. 108CV105989.

14          2.    Defendant was served with a copy of the Complaint and Summons, Civil Case

15   Cover Sheet, Civil Lawsuit Notice, and Alternative Dispute Resolution Information Sheet on or

16   about March 18, 2008.  The Complaint asserts claims for:  (1) Wrongful Discharge in Violation of

17   Public Policy; (2) Breach of Implied-in-fact Contract of Employment; (3) Breach of the Covenant

18   of Good Faith and Fair Dealing; (4) Age, Race and National Origin Discrimination; (5) Retaliation

19   in Violation of the Department of Fair Employment & Housing Act and Public Policy; (6)

20   Violation of Right of Privacy, California Constitution, Art. I; and (7) Assault and Battery.  A true

21   and correct copy of the Summons and Complaint that was served on Defendant is attached hereto

22   as Exhibit "A."

23          3.    Defendant timely filed an Answer to Plaintiff's Complaint in State Court on April

24   17, 2008.  A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached

25   hereto as Exhibit "B."

26   ///

27   ///

28   ///

Notice of Removal
(Federal Court).doc

1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
BY DEFENDANT GREYHOUND LINES, INC.

## THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY
## BASED UPON DIVERSITY OF CITIZENSHIP

4. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by the Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Defendant Greyhound Lines, Inc. was at the time of the filing of this action and is currently a corporation formed under the laws of the State of Delaware. Its principal place of business at the time of the filing of this action was and is currently in the State of Texas. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, Greyhound Lines, Inc. is a citizen of the States of Delaware and Texas. As such, Greyhound Lines, Inc. is not a citizen of the State of California.

6. On information and belief, Defendant Vander Brown, an individual, was at the time of the filing of this action, and still is, a citizen of the State of Arizona. As such, Brown is not a citizen of the State of California.

7. On information and belief, Defendant Vander Brown has not been served with a summons and Complaint in this action.

8. On information and belief, based on the allegations of Paragraph 1 of Plaintiff's Complaint, Plaintiff is a citizen of the State of California, County of San Mateo, and for purposes of federal diversity jurisdiction is a citizen of the State of California.

9. Removal and Intradistrict Assignment to the San Francisco division of this Court is proper because Plaintiff alleged that the acts and occurrences arose in the County of San Francisco. (See Compl. ¶ 1).

10. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a); Newcomb v. Adolf Coors Co., 157 F.3d 686 (9th

///

///

2

Notice of Removal
(Federal Court).doc

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
BY DEFENDANT GREYHOUND LINES, INC.

1  Cir.1998). As such, diversity of citizenships exists in this matter between Plaintiff and all non-

2  fraudulently joined defendants.

3       11.    The Complaint does not allege a damage amount as to each claim. However,

4  Plaintiff alleges in his Complaint that he is entitled to general damages in the amount of

5  $1,000,000. (Compl. ¶ 66). Plaintiff also alleges that he is entitled to punitive damages in the

6  amount of $1,000,000. (Compl. ¶ 68). Thus, Plaintiff clearly seeks damages in excess of $75,000.

7  Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it

8  is more likely than not that the claims exceed $75,000. See Sanchez v. Monumental Life Ins. Co.,

9  95 F.3d 856, 860 (9th Cir. 1996); Lucett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

10  In determining whether the jurisdictional minimum is met, the Court considers all recoverable

11  damages, including emotional distress damages, punitive damages, statutory penalties, and

12  attorneys' fees. See Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48

13  (1977); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998); Anthony v. Security

14  Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996).

15       12.    As required by 28 U.S.C. §1446(d), the original Notice was filed within 30 days

16  after Defendant was first served with a copy of the Summons and Complaint.

17       13.    As required by 28 U.S.C. §1446(d), Defendant provided notice of this removal to

18  Plaintiff through his attorneys of record.

19       14.    As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will

20  be filed with the Superior Court of the State of California, for the County of Santa Clara.

21       15.    In the event this Court has a question regarding the propriety of this Notice of

22  Removal, Defendant requests that it issue an Order to Show Cause so that it may have an

23  opportunity to more fully brief the basis for this removal.

24  ///

25  ///

26  ///

27  ///

28  ///

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
BY DEFENDANT GREYHOUND LINES, INC.

1

**WHEREFORE**, Defendant Greyhound Lines, Inc. removes the above-action to this Court.

2   DATED:  April 17, 2008

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

3

4   By:

Gregory C. Cheng

5

Attorneys for Defendant

6   GREYHOUND LINES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal
(Federal Court).doc

4

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
BY DEFENDANT GREYHOUND LINES, INC.



3/19
5:4K

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GREYHOUND BUS LINES, INC.; VANDER BROWN, an
Individual; and DOES 1 through

100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MANUEL G. GUARDADO

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2008 FEB 19  A D 20

D. Wendel

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER:
*(Número del Caso):* C V 1 0 5 9 8 9

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court
191 North First Street
same
San Jose, CA   95113
Civil Division

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*      408-293-7100
Ismael D. Perez, SBN 145985
LAW OFFICES OF ISMAEL D. PEREZ
Community Towers i
San Jose, CA   95113

DATE:            FEB 1 9 2008     Kiri Torre
*(Fecha)*                        Chief Executive Officer/Clerk    Clerk, by D. Wendel    , Deputy
                                                                 *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* GREYHOUND LINES, INC. erroneously sued as GREYHOUND BUS LINES, INC.

   under: [✓] CCP 416.10 (corporation)         [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)  [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership)  [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [✓] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS


Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1   Ismael D. Perez, Esq., SBN 145985
    LAW OFFICES OF ISMAEL D. PEREZ
2   Community Towers I
    111 W. St. John Street, Suite 855
3   San Jose, California 95113
    Tel: (408) 293-7100
4   Fax: (408) 293-7745

5   Attorney for Plaintiff,
    Manuel G. Guardado

6

7



8                   SUPERIOR COURT OF CALIFORNIA,

9              IN AND FOR THE COUNTY OF SANTA CLARA

10

11  MANUEL G. GUARDADO,              )  Case No. 1 0 8 C V 1 0 5 9 8 9
                                     )
12          Plaintiff,               )  COMPLAINT FOR DAMAGES;
                                     )  WRONGFUL DISCHARGE IN VIOLATION
13  v.                               )  OF PUBLIC POLICY [(CAL. CONST.,
                                     )  ART. I, § 8)]; BREACH OF IMPLIED-IN-
14  GREYHOUND BUS LINES, INC.;       )  FACT CONTRACT OF EMPLOYMENT;
    VANDER BROWN, an individual; and )  BREACH OF COVENANT OF GOOD
15  DOES 1 through 100, inclusive.   )  FAITH AND FAIR DEALING; RACE AND
                                     )  NATIONAL ORIGIN DISCRIMINATION;
16          Defendants.              )  RETALIATION; VIOLATION OF RIGHT OF
                                     )  PRIVACY [CAL. CONST., ART. I, § 1];
17                                   )  ASSAULT AND BATTERY; INTENTIONAL
                                     )  INFLICTION OF EMOTIONAL DISTRESS;
18                                   )
19                                   )  DEMAND FOR JURY TRIAL

20

21          COMES NOW Plaintiff MANUEL G. GUARDADO, and alleges as follows:

22                          PRELIMINARY ALLEGATIONS

23          1.      Plaintiff, MANUEL G. GUARDADO, (hereinafter referred to as "GUARDADO"

24  and/or "Plaintiff") is and at all times relevant hereto was a resident of the County of San Mateo,

25  State of California. At all relevant times herein mentioned, Plaintiff had been employed as a bus

26  driver for Defendant GREYHOUND BUS LINES, INC. (hereinafter "GREYHOUND") until his

27  unjust discharge/termination on or about June 2, 2006.

28

1   unknown, duly organized and existing under and by virtue of the laws of the State of California,

2   and/or authorized to do business and doing business in Santa Clara and San Francisco County,

3   State of California and the employer of plaintiff.   Plaintiff is further informed and believes, and

4   thereon alleges, that GREYHOUND is, and was at all times material hereto, an "employer" or

5   "person" within the meaning of Cal. Govt. Code Section 12926 et seq., including section 12940

6   et. seq., and as such, barred from discrimination, harassment, and retaliation in the employment.

7   Furthermore GREYHOUND is and was at all times material hereto, subject to suit under the

8   provisions of the California Fair Employment and Housing Act, and Title VII of the Civil Rights

9   Act of 1964, as amended 42 U.S.C. 2000e, et seq., and subject to the provisions of the State

10  of California Constitution and  Government Code.

11          3.    The employment contract and the acts alleged herein upon which Plaintiff sues

12  herein was entered into and occurred within the State of California and were to be performed

13  within the County of Santa Clara and San Francisco.

14          4.    The true names and capacities, whether individual, corporate, associate, or

15  otherwise, of Defendants named herein as DOES 1 through 100, inclusive, are unknown to

16  Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff prays leave to

17  amend this complaint to show the true names and capacities of these Defendants when they are

18  ascertained. Plaintiff believes said DOE Defendants are responsible, at least in part, for the acts

19  alleged herein.

20          5.    At all times herein mentioned, each of the Defendants, including the DOES 1,

21  through 100, were the agents, servants, and employees of the other Defendants and were acting

22  at all times within the scope of his/her/their agency and employment, and with the knowledge

23  and consent of his/her/ their employer.  Defendants, and each of them, including the DOES 1,

24  through 100, at all times herein mentioned acted jointly and in concert and conspired and agreed

25  to do the things hereinafter specified;  and each and all of the things hereinafter alleged to have

26  been done by Defendants or any of them, were done as co-conspirators and thus, as agents for

27  each other, as well as in their respective individual capacities, to advance their own individual

28  interests.

1    6.    Plaintiff brings this action pursuant to Gov't Code Section 12900 et. seq.,

2  which prohibits employers from discrimination against age, race, national origin and retaliation

3    7.    Plaintiff filed a charge of Discrimination on the basis of age discrimination amongst

4  other claims, on February 2, 2007, with the Department of Fair Employment and Housing

5  (hereinafter "DFEH") within the proscribed time from the commission of the unlawful employment

6  practices alleged herein.   Said charge of discrimination was filed concurrently with the Equal

7  Employment Opportunity Commission ("EEOC"), within one year of the claims of discrimination.

8    8.    On information and believe and on that basis plaintiff alleges that the

9  investigation of the charge was deferred by the Department of Fair Employment and Housing

10  to the Equal Employment Opportunity Commission.   Subsequently, the FEHA issued plaintiff

11  a right-to-sue letter within one year of plaintiff's charge to the FEHA. (Attached herein is a copy

12  of the right-to-sue, as Exhibit "A").   The EEOC also followed and issued plaintiff a right-to-sue

13  on or about November 21, 2007 after more than 180 days had elapsed after the Commission

14  assumed jurisdiction over the charge.   (Attached herein is a copy of the right-to-sue, as Exhibit

15  "B")

16    9.    Plaintiff alleges that he timely filed this complaint within the statute of

17  limitations as required by Gov't Code Section 12965 (b) and (d) within the time permitted by law

18  pursuant to the tolling provisions under Section 12965 (d).   Thus, plaintiff timely exhausted his

19  administrative remedies as required by law.

20              **GENERAL ALLEGATIONS TO ALL CAUSES OF ACTION**

21    10.    Plaintiff was hired by Defendant GREYHOUND on or about March 19,

22  1989, pursuant to an oral and implied employment contract, as bus driver in the greater bay

23  area, including but not limited to, County of Santa Clara and San Francisco, California.

24  Throughout the next 17 years, plaintiff received a number of raises, and ever increasing

25  responsibilities, excellent performance reviews, praise, and commendations in recognition

26  for his good performance.   Plaintiff's employment continued until May 27, 2006, when

27  Defendant GREYHOUND breached said oral and implied employment contract and was

28  unjustly suspended.   Defendants, and each of them, further violated said oral and implied

employment contract by unjustly terminating plaintiff's employment on June 2, 2006 in

1   violation of public policy; in retaliation for opposing unlawful practices; in violation of age
2   discrimination; in violation for exercising plaintiff's rights and/or attempt to exercise his right
3   afforded by statute; for opposing discriminatory practices, including but not limited to, age,
4   race and national origin; for standing up for his right of privacy and for challenging false
5   accusation made against him by Defendant's District Manager, for accusing said District
6   Manager of rude behavior and offensive contact. Furthermore, Plaintiff was further
7   discriminated and retaliated in violation of his rights, contractual and statutory, and for
8   challenging defendant's actions. As a result, plaintiff was unjustly terminated from his
9   employment of 17 years on June 2, 2006. Plaintiff's termination was based upon false and
10  pre-textual reasons contrary to public policy and in direct violation of California Government
11  Code Section 12945.2, age discrimination and retaliation, and violation of public policy,
12  California Constitution, Article I, Section 8 against discrimination, violation of Civil Code
13  Sections 51.7 and 52.1 and breach of his employment contract.
14      11.    As a result of the above described actions, plaintiff was damaged and incurred
15  losses including his position as a bus driver earning $20.25 per hour.
16      12.    Some but not all acts leading to plaintiff's claims are that on or about May 27,
17  2006, plaintiff was working as a bus driver for defendant, GREYHOUND. Plaintiff drove from
18  the San Francisco's bus terminal to the Los Angeles bus terminal as part of his
19  responsibilities for defendant. After arriving in Los Angeles, plaintiff proceeded to the LCE
20  computer to check in. While plaintiff was checking in, as required, an unknown individual to
21  plaintiff startled and frightened plaintiff with an aggressive and rude attitude, shouting in an
22  unruly manner. This unknown individual to plaintiff also grad plaintiff in an offensive manner
23  by pulling plaintiff's collar without justification. Furthermore, this unknown individual
24  proceeded to question plaintiff about his identification and confidential information. Not
25  knowing who this individual was and believing it was a disgruntled passenger, plaintiff
26  directed this individual to his supervisors as required by company policy.
27      13.    Frightened from this individual, plaintiff decided to move away and began
28  walking towards his supervisors. As plaintiff was walking towards his supervisors this
    unknown individual followed plaintiff making plaintiff uncomfortable and apprehensive. After

(9)

1  plaintiff approached his supervisors the unknown individual asked his supervisors questions

2  about his identity and shockingly plaintiff learned that this individual had placed him out of

3  service, meaning that plaintiff was suspended from his employment.

4      14.    Plaintiff file a grievance challenging his termination. Through this process,

5  plaintiff learned that he was terminated for alleged insubordination, dishonesty, hostility

6  towards a company official, accused of violating personal conduct and being discourtesy.

7  Plaintiff furthermore, was accused of falsifying company documents and of lying. Plaintiff

8  contends that all such accusations are false, untrue, misleading, and damaging to his

9  reputation and were made only as a pre-text for his unjust termination as alleged above.

10      15.    Instead of providing plaintiff with a fair, honest and unbiased investigation,

11  defendants, and each of them, engaged in a course of pattern to sabotage plaintiff by

12  creating false accusations against plaintiff and by putting plaintiff in false light for the purpose

13  of unjustly terminating plaintiff's employment.

14      16.    Furthermore, plaintiff contends that defendant attempted to coerce,

15  discriminated, harassed, retaliated against plaintiff by applying undue influence, and further

16  threatened plaintiff to uphold his unjust termination, unless plaintiff recanted his story.

17  Defendants, and each of them, pressured plaintiff with his job and urged him to recant his

18  story in writing stating that plaintiff had made up the story about the District Manager to

19  protect the integrity of Defendant's District Manager, irrespective of the truth. Plaintiff

20  refused to recant and has always stuck with his side of the story as truthful. As a result,

21  plaintiff was terminated as herein alleged, above.

**FIRST CAUSE OF ACTION**
(Wrongful Discharge in Violation of Public Policy Against GREYHOUND)

22

23

24      17.    Plaintiff hereby realleges and incorporates all of the paragraphs 1 through 16

25  as though fully set forth herein.

26      18.    There is a fundamental public policy of protecting employees, against

27  discrimination, retaliation, and harassing employees for standing up for their rights, and for

28  opposing discriminatory and retaliatory conduct under the California Constitution and FEHA

(Gov't Code Section 12900-12996) particularly 12940(a), including but not limited to, Labor

1   Code Section 450, Civil Code Sections 51.7 and 51.2.  This public policy outlined above, is

2   well-established, fundamental and substantial and is derived from California Constitution and

3   California statutes.

4       19.    Despite the strong public policy against such wrongful acts, Defendants, and

5   each of them, acted as herein above described, in that a determining and motivating factor in

6   terminating plaintiff from his employment was based upon; plaintiff's exercise of his

7   constitutional and statutory rights; plaintiff's opposition to discriminatory conduct; plaintiff's

8   request for union representation; and for plaintiff's opposition to defendant's unlawful

9   practices; Defendant's instead of providing fair and impartial forum for presenting his case,

10  singled plaintiff out by attempting to force plaintiff into recanting his side of the story about

11  the acts and conduct of the District Manager as alleged herein.  Plaintiff contends that this

12  conduct is protected activity under California Law and Government Code Sections 12940, et

13  seq., California Constitution, as alleged herein, and under California Labor Codes, and Civil

14  Code Sections 51.7 and 52.1, including but not limited to, protections under public policy

15  considerations.  As a result of discharging Plaintiff from his position for engaging in a

16  protected activity, defendants, and each of them, violated the Department of Fair

17  Employment and Housing statutes, Government Code Section 12940, et seq., California

18  Constitution, California Labor Codes and Civil Codes, as well as common law.

19      20.    Defendants wrongful breach of this public policy proximately caused Plaintiff's

20  damages as prayed for herein.

21      21.    The actions of Defendants, and each of them, have inflicted general damages

22  upon the person of Plaintiff, including pain, suffering, and severe emotional distress and

23  anguish, humiliation, embarrassment, and has otherwise severely impacted the health and

24  strength of Plaintiff, thereby entitling Plaintiff to an award of general damages in an amount

25  according to proof at trial.

26      22.    As a further legal result of the acts of Defendants, and each of them, Plaintiff

27  has incurred, and will continue to incur, medical bills and related expenses thereby entitling

28  Plaintiff to an award of special damages.  The full amount of these expenses is not known to

the Plaintiff at this time. Plaintiff will amend this Complaint to state the amount when it becomes known to him, or according to proof at trial.

23.    As a further legal result of the acts of Defendants, and each of them, Plaintiff was and will be prevented from attending to his usual occupation. Plaintiff thereby has lost and will continue to lose earnings and employment benefits in an amount that is currently not ascertained. Plaintiff will amend this Complaint at such time as the amount is ascertained, or according to proof at the time of trial. Furthermore, as a result of the acts of Defendants, and each of them, Plaintiff's present and future earning capacity has been impaired. The exact amount of these losses are not known to Plaintiff at this time, and Plaintiff will move to amend this Complaint to state the amount when they become known, or according to proof at the time of trial.

24.    The actions of Defendants, and each of them, were designed to vex, harass and annoy Plaintiff and, furthermore, said actions of Defendants, and each of them, constitute oppression, fraud and malice as the same is set forth in California Civil Code §3294. Plaintiff is therefore entitled to an award of punitive damages in an amount to be determined according to proof.

25.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

SECOND CAUSE OF ACTION
(Breach of Implied-in-fact Contract of Employment Against GREYHOUND)

26.    Plaintiff hereby realleges and incorporates the paragraphs 1 through 25 as though fully set forth herein.

27.    Plaintiff was hired by Defendant, GREYHOUND, on or about March 19, 1989, and worked continuously for Defendant, GREYHOUND until Defendant unjustly and without good and sufficient cause terminated his employment on June 2, 2006. Plaintiff had received a number of raises, and ever increasing responsibilities, excellent performance reviews, praise, and commendations in recognition for his good performance.

28.    During the entire course of Plaintiffs' employment with Defendant, there existed an express and Implied-In-Fact employment contract between Plaintiff and Defendant which at the time of plaintiffs' unjust discharge included, but was not limited to, the following terms and conditions:

A.    Plaintiff would be able to continue his employment with Defendant indefinitely so long as he carried out his duties in a proper and competent manner.

B.    Plaintiff would not be demoted, discharged or otherwise suspended nor would Plaintiff's job be terminated without just cause therein;

C.    Defendant would not evaluate Plaintiff's performance in an arbitrary, untrue or capricious manner;

D.    Plaintiff would not be subjected to discriminatory practices, including retaliation, age, race or national origin during anytime of his employment.

E.    Defendant would provide Plaintiff with adequate and sufficient training to carry out his duties and responsibilities effectively in order to succeed

F.    Defendant would not sabotage Plaintiff for the purpose of causing him to fail and/or terminate him;

G.    If Plaintiff was involuntarily terminated, Defendant would not unreasonably, dishonestly, or arbitrarily attempt to prevent Plaintiff from receiving benefits to which he was entitled.

H.    Plaintiff would not be subjected to retaliatory measures if engage in protected activities by complaining of wrongful conduct and discriminatory conduct.

29.    This total employment contract was evidenced by representation of secure employment, assurances of long term employment, along with various written documents and oral representations to plaintiff by Defendants' supervisors, agents and employees, and the parties entire course of conduct including the following:

30.    Plaintiff is informed and believes and thereon alleges that portions of this contract are embodied in Defendant's written personnel polices and procedural manuals;

31.    Plaintiff undertook and continued employment and duly performed all the

(13)

1   conditions of the Implied-In-Fact contract to be performed by him. Plaintiff has at all times

2   relevant hereto, been ready, willing and able to perform and has offered to perform all the

3   conditions of this contract to be performed by him.

4        32.   Despite the representations made to Plaintiff and the reliance he placed on

5   them, Defendants failed to carry out their responsibilities under the terms of the Implied-In-

6   Fact employment contract in the following ways by terminated Plaintiff in violation of public

7   policy and in retaliation for exercising his right in opposing discriminatory practices, including

8   but not limited to, retaliation for opposing discrimination for requesting a fair and impartial

9   investigation. Furthermore, Plaintiff was discriminated and retaliated for participating in

10  union activities by requesting representation. Plaintiff's termination was based upon false

11  and pretextual reasons contrary to the implied in fact employment contract and contrary to

12  public policy and in direct violation of California Government Code Section 12940 et. seq., ,

13  California Labor Codes, and public policy, California Constitution, Ariticle I, Section 8 against

14  discrimination in employment, and Civil Code Sections 51.7 and 52.1 without just cause.

15       33.   Defendant GREYHOUND, and each of them, breached the aforementioned

16  total Implied-in-Fact employment contract as alleged above, including but not limited to,

17  arbitrary and capricious conduct.

18       34.   As a proximate result of Defendant's breach of the total Implied-in-Fact

19  employment contract, Plaintiff has suffered and continues to suffer substantial losses in

20  earnings, past, present and in the future, bonuses, and other employment benefits which he

21  would have received had Defendants not breached said agreement, including but not limited

22  to attorney's fees, expenses incurred in obtaining counseling, all to his damage in an amount

23  according to proof at trial.

24       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

25                        THIRD CAUSE OF ACTION
        (Breach of the Covenant of Good Faith and Fair Dealing Against GREYHOUND)

26       35.   Plaintiff hereby realleges and incorporates the paragraphs 1 through 34 as

27  though fully set forth herein.

28       36.   The aforesaid Implied-in-Fact employment contract contained an implied

(14)

1  covenant of good faith and fair dealing by which obligated Defendant GREYHOUND to

2  perform the terms and conditions of the agreement fairly and in good faith and refrain from

3  doing the conditions of the contract that he agreed to perform, or any act that would deprive

4  Plaintiff of the benefits of the contract. Specifically, said covenant of good faith and fair

5  dealing required defendant to fairly, honestly and reasonably perform the terms and

6  conditions of the agreement, without arbitrary and capricious conduct.

7      37.    Plaintiff performed all the duties and conditions of the employment agreement.

8      38.    Defendants knew that Plaintiff had fulfilled all his duties and conditions under

9  the contract.

10     39.    Defendants breached the implied covenant of good faith and fair dealing

11  under the employment agreement by terminating Plaintiff intentionally, in bad faith and for

12  reasons extraneous to the contract.  Among other things, Defendants terminated Plaintiff by

13  in violation of public policy and in retaliation for exercising his right in opposing discriminatory

14  practices, including but not limited to, retaliation for opposing discrimination for requesting a

15  fair and impartial investigation.   Furthermore, Plaintiff was discriminated and retaliated for

16  participating in union activities by requesting representation.  Plaintiff's termination was

17  based upon false and pretextual reasons contrary to the implied in fact employment contract

18  and contrary to public policy and in direct violation of California Government Code Section

19  12940 et. seq., California Labor Codes, and public policy, California Constitution, Article I,

20  Section 8 against discrimination in employment, and Civil Code Sections 51.7 and 52.1

21  without just cause all of which are breach of the implied covenant of good faith and fair

22  dealing.

23     40.    As a result of Defendants' violations of said implied covenant of good faith and

24  fair dealing, and their reprehensible and willful conduct toward Plaintiff, Plaintiff has suffered

25  harm in the destruction of Plaintiff's valuable property interests, i.e.; lost of his job, prospects

26  of continuing his growth in the future with Defendant and receipt of continued compensation

27  and substantial employment benefits; impairment and damage to Plaintiff's good name by

28  causing him to suffer emotional distress; unjustly suspending plaintiff with untrue

1 implications; false accusations of misconduct, dishonesty and lying; that he had violated

2 company policies and rules. Said implications are completely untrue and totally without

3 foundation.

4      41. As further proximate result, Plaintiff has incurred reasonable attorney's fees in

5 his attempts to obtain the benefits due under the above-mentioned employment contract with

6 Defendant. Plaintiff has incurred substantial losses in earnings, present and future,

7 bonuses, and other employment benefits and costs incurred in seeking restitution. Plaintiff

8 has suffered and continues to suffer humiliation, embarrassment and mental anguish, all to

9 his damage in an amount according to proof at trial.

FOURTH CAUSE OF ACTION

(Age, Race and National Origin Discrimination Against GREYHOUND)

10

11      42. Plaintiff hereby realleges and incorporates the paragraphs 1 through 41 as

12 though fully set forth herein.

13      43. By the acts herein alleged, Defendants, and each of them, discriminated

14 against Plaintiff because of his age, race and national origin in violation of DFEH and

15 California Government Code Sections 12940, et seq. Defendants unlawful conduct altered

16 the conditions of Plaintiff's employment in such a manner as to deprive him of his right to

17 work.

18      44. As a proximate result of the unlawful discriminatory conduct by Defendants,

19 Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking

20 alternative employment, and in earnings, and other benefits as well as suffering, and

21 continuing to suffer, anxiety and anguish.

22      45. Defendant, and each of them, committed the acts herein maliciously,

23 fraudulently, oppressively, and despicably, with the wrongful intention of injuring

24 Plaintiff, because of national origin and race, thereby constituting an improper and evil

25 motive amounting to malice, and in conscious disregard of Plaintiff's rights to be free

26 from discrimination. Plaintiff is thus entitled to recover punitive damages from

27 Defendants, and each of them, in an amount according to proof at trial.

28      46. As a further result of defendants action herein, plaintiff is entitled to

16

1  reasonable attorney's fees and costs of said suit herein as provided by statute.

2      WHEREFORE, Plaintiff prays for judgment as herein set forth.

3              FIFTH CAUSE OF ACTION

4      (Retaliation in Violation of DFEH and Public Policy Against Greyhound)

5      47.    Plaintiff hereby realleges and incorporates the paragraphs 1 through 46

6  as though fully set forth herein.

7      48.    Plaintiff is informed and believes and thereby alleges that as a

8  consequence of plaintiff's request for an fair and impartial investigation, in addition to

9  plaintiff's opposition to defendant's unlawful practices as alleged herein above,

10 Defendant, and each of them, retaliated against Plaintiff by discharging him from his

11 driving position with Defendant GREYHOUND, and subjecting him to humiliation and

12 harassment.  Defendants, and each of them, had no legitimate motive and plaintiff

13 alleges thereon that Defendants' purpose in doing so was to retaliate against Plaintiff

14 so that plaintiff would lose his job.

15     49.    As a proximate and direct result of Defendants' conduct, which was

16 willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and

17 continues to sustain substantial losses in earnings and other employment benefits.

18     50.    As a proximate and direct result of Defendants' conduct, which was

19 willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and

20 continues to suffer humiliation, emotional distress, and mental and physical pain and

21 anguish, all to his damage in a sum according to proof at trial.

22     51.    Defendant, and each of them, committed the acts herein maliciously,

23 fraudulently, oppressively, and despicably, with the wrongful intention of injuring

24 Plaintiff through retaliation, thereby constituting an improper and evil motive

25 amounting to malice, and in conscious disregard of Plaintiff's rights to be free from

26 discrimination.  Plaintiff is thus entitled to recover punitive damages from Defendants,

27 and each of them, in an amount according to proof at trial.

28     52.    As a further result of Defendants action herein, Plaintiff is entitled to

17

1    reasonable attorney's fees and costs of said suit herein as provided by statute and

2    requests leave of court to amend this complaint when said amounts are more fully

3    known.

4          WHEREFORE, Plaintiff prays for judgment as herein set forth.

5                         FIFTH CAUSE OF ACTION
     (Violation of Right of Privacy, California Constitution, Art. I Against Greyhound)

6          53.    Plaintiff hereby realleges and incorporates all of the paragraphs 1

7    through 52 as though fully set forth herein.

8          54.    Plaintiff has a fundamental right of Privacy pursuant to California

9    Constitution, Article I, Section 1, which provides: "All people are by nature free and

10   independent and have inalienable rights.  Among these are enjoying and defending

11   life and liberty, acquiring, possession, and protecting property, and pursuing and

12   obtaining safety, happiness, and privacy."

13         55.    Defendants, violated Plaintiff's inalienable right of privacy by terminating

14   plaintiff's employment, because plaintiff opposed defendant's unlawful and

15   discriminatory practices when, defendant attempted to violate plaintiffs right of privacy

16   by forcing plaintiff to recant his side of the story in order that defendant could protect

17   the integrity of their District Manager.  No co-worker of plaintiff, in the past or present,

18   has ever been subjected to this type of treatment.  Defendant's actions were in

19   violation of plaintiff's right of privacy and for no other reason other than to invade

20   plaintiff's right of privacy and for discriminatory conduct.

21                         SIXTH CAUSE OF ACTION
     (Violation of Civil Code Sections 51.7 and 52.1 Against Greyhound)

22

23         56.    Plaintiff hereby realleges and incorporates all of the paragraphs 1

24   through 55 as though fully set forth herein.

25         61.    Plaintiff has a fundamental right pursuant to Civil Code Sections 51.7

26   and 52.1 which provides that "All persons within the jurisdiction of this state have the

27   right to be free from any violence, or intimidation by threat of violence, committed

28   against their persons or property because of their race, color, religion, ancestry,

18

1  national origin, political affiliation, sex, sexual orientation, age, disability, or position in

2  a labor dispute, or because another person perceives them to have one or more of

3  those characteristics.

4      56.    Defendants, violated Plaintiff's inalienable right terminating plaintiff's

5  employment, because plaintiff opposed defendant's unlawful and discriminatory

6  practices when defendant attempted to violate plaintiffs rights by forcing plaintiff to

7  recant his side of the story in order that defendant could protect the integrity of their

8  District Manager and by intimidation and coercion.  Defendant's actions were in

9  violation of plaintiff's rights under Civil Code Sections 51.7 and 52.1 and for no other

10  reason other than to intimidate and coerce plaintiff.

11      57.  As a direct result of the acts of Defendants wrongful discharge, Plaintiff

12  has sustained damages in life and liberty, acquiring, possession, and protecting

13  property, and pursuing and obtaining safety, happiness, and privacy, including but not

14  limited to, economic damages for past, present and future loss of earnings and

15  benefits, according to proof at trial.

16      58.    As a further direct and proximate result Defendants' wrongful discharge,

17  Plaintiff sustained general damages for mental and emotional distress and request

18  equitable relief and injunctive relief for interference by intimidation and coercion.

19      59.    The actions of Defendants, and each of them, were designed to vex,

20  harass and annoy Plaintiff and, furthermore, said actions of Defendants, and each of

21  them, constitute oppression, fraud and malice as the same is set forth in California

22  Civil Code §3294.  Plaintiff is therefore entitled to an award of punitive damages in an

23  amount to be determined according to proof.

24      60.   Plaintiff has incurred and continues to incur legal expenses and attorney

25  fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees

26  and prays leave of court to amend this complaint when the amounts are more fully

27  known.

28              SEVENTH CAUSE OF ACTION
              (Assault and battery Against Van Brown)

(19)

61.    Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 60 though fully set forth herein.

62.    On or about May 27, 2006, defendant Van Brown, managed to exploit his authority upon plaintiff by unruly shouting at plaintiff, offensively grabbing plaintiff by his collar and threatening him with his job.

63.    Plaintiff at no time authorized or consent to such behavior and in fact, felt threatened and offended by such conduct.

64.    In doing the act described above, defendant Van Brown intended to cause a battery and assault upon plaintiff and indeed put plaintiff in apprehension of offensive contact with defendant's person.

65.    At no time did plaintiff consent to any of the foregoing acts of defendant Brown.

66.    As a proximate result of the acts alleged herein of defendant Brown, plaintiff was hurt and injured in her mental and emotional health and strength, sustaining injury to his nervous system and person. All of which have caused and continued to cause plaintiff great mental and nervous pain and suffering. As a result of these injuries, plaintiff has suffered general damages in an amount in excess of $1,000.000, or an amount according to proof at trial. Plaintiff requests leave to amend when such amounts are ascertained.

67.    As a further proximate result of the acts of defendant herein, plaintiff has incurred, and will continue to suffer substantial losses of earnings, employment benefits, medical and related expenses, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, anguish and discomfort, all to her damage in an amount according to proof at trial.

68.    The aforementioned conduct of defendant was willful and malicious and was intended to oppress and cause injury to plaintiff, entitling plaintiff to punitive damages in an amount in excess of $1,000,000, or an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## DEMAND FOR JURY TRIAL

69.    Plaintiff demands a trial by Jury.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as herein set forth:

1.    For compensation damages including lost wages, lost employee benefits, bonuses, vacation benefits, commissions, mental and emotional distress and other special and general damages according to proof at trial;

2.    For an award of punitive damages in an amount to be proven at trial;

3.    For equitable relief and injunctive relief;

4.    For an award of interest, including prejudgment interest at the legal rate;

5.    For costs of suit herein incurred;

6.    For an award of attorney's fees pursuant to statute; and

7.    For such other and further relief as this Court may deem just and proper.

DATED:    February 15, 2008

LAW OFFICES OF
ISMAEL D. PEREZ

By_____
Ismael D. Perez, Attorney for
Plaintiff, Manuel G. Guardado

EXHIBIT "A"



FEB-05-2008  13:50    DFEH    661 395 2972    P.03/03
661 395 2972    P.02/03

STATE OF CALIFORNIA – STATE AND CONSUMER SERVICES AGENCY    R. ARNOLD SCHWARZENEGGER, Governor



**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1001 Tower Way, Ste. 250, Bakersfield, CA 93309
(661) 395-2729 TTY (800) 700-2320 Fax (661) 395-2972
www.dfeh.ca.gov

February 8, 2007

MANEUL GOMEZ GUARDADO
1101 Almandor Ave, #1
Menlo Park, CA 94025

RE:    E200607H0560-00-me/37AA707173
       GUARDADO/GREYHOUND BUS LINES, INC.

Dear MANEUL GOMEZ GUARDADO:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Processing Waived To Another Agency.

Please be advised that this recommendation has been accepted and the case has been closed effective February 7, 2007.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

EXHIBIT "B"



EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: MANEUL GOMEZ GUARDADO
1101 Almandor Ave, #1
Menlo Park, CA 94025

From: San Francisco District Office
350 The Embarcadero
Suite 500
San Francisco, CA 94105

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 37A-2007-07173 | Adriana Gomez, Investigator | (415) 625-5659 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  |  |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| [ ] | While reasonable efforts were made to locate you, we were not able to do so. |
| [ ] | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_Michael Baldonado_                    11/21/07

H. Joan Ehrlich,
District Director

(Date Mailed)

Enclosures(s)

cc:    Sherrie Pittman
EEO Compliance Manager
GREYHOUND BUS LINES INC
15110 N. Dallas Pkwy
Suite 600
Dallas, TX 95248

(25)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ismael D. Perez, SBN 145985<br>LAW OFFICES OF ISMAEL D. PEREZ<br>Community Towers I<br>111 W. St. John Street, Suite 855<br>San Jose, CA 95113<br>TELEPHONE NO.: 408-293-7100    FAX NO.: 408-293-7745<br>ATTORNEY FOR (Name): Plaintiff, Manuel G. Guardado | ENDORSED<br>2008 FEB 19 A 9: 20 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Civil Division

CASE NAME: MANUEL G. GUARDADO VS. GREYHOUND BUS
LINES, INC., ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 108CV105989 |
| | | | | JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | Real Property | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Other real property (26) | types (41) |
| [ ] Business tort/unfair business practice (07) | Unlawful Detainer | Enforcement of Judgment |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | Judicial Review | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Writ of mandate (02) | [ ] Other petition (not specified above) (43) |
| [x] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

**2.** This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

**3.** Type of remedies sought (check all that apply):
a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive

**4.** Number of causes of action (specify): 7

**5.** This case [ ] is [x] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2/15/2007

Ismael D. Perez, SBN 145985
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19



ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

CASE NUMBER: _____

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA  95113

**1 0 8 C V 1 0 5 9 8 9**

---

## READ THIS ENTIRE FORM

---

_**PLAINTIFFS**_ (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the _Complaint, Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

---

_**DEFENDANTS**_ (The person(s) being sued):  You must do each of the following to protect your rights:

1. You must file a written response to the _Complaint_, in the Clerk's Office of the Court, within 30 days of the date the _Summons_ and _Complaint_ were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning:** If you do not do these three things, you may automatically lose this case.

---

_**RULES AND FORMS:**_  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing:  408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_**CASE MANAGEMENT CONFERENCE (CMC):**_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

_You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8._

---

Your Case Management Judge is:  **James Emerson**                         Department:  **19**

The 1ˢᵗ CMC is scheduled for:  (Completed by Clerk of Court)

Date **JUL 1 5 2008**     Time:  **1:30 PM**     in Department  **19**

The next CMC is scheduled for:  (Completed by party if the 1ˢᵗ CMC was continued or has passed)

Date: _____     Time: _____     in Department _____

---

_**ALTERNATIVE DISPUTE RESOLUTION (ADR):**_  If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_**WARNING:**_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

CV-5003 REV 5/06

28

**Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract.
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court     Santa Clara County DRPA Coordinator
ADR Administrator                     408-792-2704
408-882-2530

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06

㉙



1   DOUGLAS J. FARMER, State Bar No. 139646
    douglas.farmer@ogletreedeakins.com
2   GREGORY C. CHENG, State Bar No. 226865
    gregory.cheng@ogletreedeakins.com
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Steuart Tower, Suite 1300
4   One Market Plaza
    San Francisco, California 94105
5   Telephone:    (415) 442-4810
    Facsimile:    (415) 442-4870
6
    Attorneys for Defendant
7   GREYHOUND LINES, INC.

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9             IN AND FOR THE COUNTY OF SANTA CLARA

10

11  MANUEL G. GUARDADO,                    Case No. 108CV105989

12              Plaintiff,                  [Assigned for all purposes to Judge James
                                           Emerson; Dept. 19]
13      v.
                                           DEFENDANT GREYHOUND LINES,
14  GREYHOUND BUS LINES, INC.;             INC.'S ANSWER TO COMPLAINT OF
    VANDER BROWN, an Individual; and       PLAINTIFF MANUEL G. GUARDADO
15  DOES 1 through 200, inclusive,
                                           Action Filed: February 18, 2008
16              Defendant.                  Trial Date:    None

17

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                    1



M. Rosales

Answer to
Complaint

**TO PLAINTIFF MANUEL G. GUARDADO AND HIS ATTORNEYS OF RECORD:**

Defendant Greyhound Lines, Inc. (erroneously sued as "Greyhound Bus Lines, Inc.") ("Defendant") hereby responds to Plaintiff Manuel G. Guardado's ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

1. Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in Plaintiff's unverified Complaint, and denies further that Plaintiff has been injured in the amount or manner alleged or in any other manner whatsoever.

Additionally, Defendant asserts the following affirmative defenses as set forth below:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

2. As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that Plaintiff has failed to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

3. As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for such damages because by his own acts and omissions, he has failed properly to mitigate those damages.

## THIRD AFFIRMATIVE DEFENSE
### (Workers' Compensation Exclusive Remedy)

4. As a separate and affirmative defense to Plaintiff's sixth, seventh, and eight causes of action and to his claims alleged in each purported cause of action for emotional and physical injury, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for

2

Answer to
Complaint

1    such damages is governed by the California Workers' Compensation Act.  Cal. Labor Code

2    §§ 3200, et seq.

### FOURTH AFFIRMATIVE DEFENSE

#### (Legitimate Business Reason)

5.    As a separate and affirmative defense to Plaintiff's Complaint and each
purported cause of action therein, Defendant alleges that Plaintiff is barred from recovery,
in whole or in part, because Defendant had a legitimate, non-discriminatory reason for any
decision that it made with respect to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

6.    As a separate and affirmative defense to Plaintiff's Complaint and each
purported cause of action therein, Defendant alleges that Plaintiff's Complaint and each
purported cause of action therein is barred by the applicable statutes of limitations,
including, but not limited to, California Code of Civil Procedures sections 337, 338, 339
and 340, and Government Code sections 12960 or 12965.

### SIXTH AFFIRMATIVE DEFENSE

#### (Privilege/Justification/Managerial Immunity)

7.    As a separate and affirmative defense to Plaintiff's Complaint and each
purported cause of action therein, Defendant alleges that its conduct was a just and proper
exercise of managerial discretion, undertaken for fair and honest reasons, comporting with
good faith under the circumstances then existing, and was privileged and justified.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

8.    Defendant is informed and believes, and based upon such information and
belief alleges that Plaintiff's fourth and fifth causes of action are barred by his failure to
exhaust his administrative remedies.

///

///

3

## EIGHTH AFFIRMATIVE DEFENSE

### (Section 301 Preemption)

9.    Defendant is informed and believes, and based upon such information and belief alleges that Plaintiff claims are pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## NINTH AFFIRMATIVE DEFENSE

### (Excused Performance)

10.    As a separate and affirmative defense to Plaintiff's second and third causes of action, Defendant performed and discharged each and every obligation owed to Plaintiff, if any, except such obligations as Defendant was excused from performing as a result of Plaintiff's conduct and failure to perform obligations.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

11.    Defendant alleges on information and belief that Plaintiff's Complaint and each purported cause of action therein, are barred, in whole or in part, for the reason that, by his actions, Plaintiff has waived and is therefore estopped from bringing any claim for relief against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.    As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that at all times relevant hereto, Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

13.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against

4

1   Defendant.  The laches and unreasonable delay were without good cause and substantially

2   prejudiced Defendant because Plaintiff demands back pay from the time of the alleged acts

3   to the present and his laches and unreasonable delay have multiplied the amount of his

4   claim.  In addition, certain types of evidence in defense against Plaintiff's allegations may

5   have become difficult or impossible to obtain.

6                    ### THIRTEENTH AFFIRMATIVE DEFENSE

7                       (Constitutional Limit on Punitive Damages)

8        14.    As a separate and affirmative defense to Plaintiff's Complaint and each

9   purported cause of action therein, Defendant alleges that Plaintiff's claims for tort damages

10  and punitive damages are barred by the contract clause (Article I, Section 10, clause 1), the

11  due process clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the

12  excessive fines clause (Eighth Amendment) of the United States Constitution, and the

13  corresponding provisions of the Constitution of the State of California.

14                  ### FOURTEENTH AFFIRMATIVE DEFENSE

15                      (Failure to Support Claim for Punitive Damages)

16       15.    As a separate and affirmative defense to Plaintiff's Complaint and each

17  purported cause of action therein, Defendant alleges that Plaintiff's Complaint fails to state

18  facts sufficient to support a claim for punitive damages.

19

20       **WHEREFORE**, Defendant prays as follows:

21       1.     That Plaintiff take nothing by this action;

22       2.     That judgment be entered in favor of Defendant;

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

3.    For costs of suit and for attorneys' fees incurred; and

4.    For such other and further relief as the Court deems just and proper.

DATED:  April 17, 2008

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____

Gregory C. Cheng
Attorneys for Defendant
GREYHOUND LINES, INC.

DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO COMPLAINT OF PLAINTIFF MANUEL G. GUARDADO

Answer to
Complaint.doc

# PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

    I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action.  My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

    On April 17, 2008, I served the following document(s) described as:

## DEFENDANT GREYHOUND LINES, INC.'S ANSWER TO COMPLAINT OF PLAINTIFF MANUEL G. GUARDADO

on the persons below as follows:

Ismael D. Perez
Law Offices Of Ismael D. Perez
111 W. St. John St., Suite 855
San Jose, CA  95113

    I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐    deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

XX    placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

    I am employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

XX (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐  (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 17, 2008, at San Francisco, California.

Jovania Faamaligi
Type Name

Signature

* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

36

**PROOF OF SERVICE BY UNITED STATES MAIL**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

     I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

     On April 17, 2008, I served the following document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT GREYHOUND LINES, INC.**

on the persons below as follows:

Ismael D. Perez
Law Offices Of Ismael D. Perez
111 W. St. John St., Suite 855
San Jose, CA 95113

     I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐   deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

XX  placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

     I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐  (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 17, 2008, at San Francisco, California.

Jovania Faamaligi
Type Name

Signature

* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

## PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

    I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

    On April 17, 2008, I served the following document(s) described as:

**NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT GREYHOUND LINES, INC.**

on the persons below as follows:

Ismael D. Perez
Law Offices Of Ismael D. Perez
111 W. St. John St., Suite 855
San Jose, CA 95113

    I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐    deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

XX    placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

    I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

XX (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 17, 2008, at San Francisco, California.

Jovania Faamaligi
Type Name

Signature

* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

**CERTIFICATE OF SERVICE BY UNITED STATES MAIL**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

     I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

     On May 2, 2008, I served the following document described as: **CERTIFICATE OF SERVICE AND FILING OF NOTICE TO PLAINTIFF AND CLERK OF THE CALIFORNIA SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT,** on the persons below as follows:

Ismael D. Perez                           ***Attorneys for Plaintiff***
Law Offices Of Ismael D. Perez
111 W. St. John St., Suite 855
San Jose, CA 95113

     I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐    deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☑    placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

     I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐   (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☑   (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 2, 2008, at San Francisco, California.

Jovania Faamaligi
Type Name                             Signature

**\* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)**