1  Ismael D. Perez, Esq., SBN 145985
   easy@perezlawoffice.com
2  LAW OFFICES OF ISMAEL D. PEREZ
   Community Towers I
3  111 W. St. John Street, Suite 855
   San Jose, California 95113
4  Telephone:   (408) 293-7100
   Facsimile:   (408) 293-7745
5
   Attorneys for Plaintiff
6  MANUEL G. GUARDADO

7  DOUGLAS J. FARMER, State Bar No. 139646
   douglas.farmer@ogletreedeakins.com
8  GREGORY C. CHENG, State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
9  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
10 One Market Plaza
   San Francisco, California 94105
11 Telephone:   (415) 442-4810
   Facsimile:   (213) 442-4870
12
   Attorneys for Defendant
13 GREYHOUND LINES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL G. GUARDADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREHOUND BUS LINES, INC., et al.,<br><br>　　　　Defendant. | Case No. C 08-02018 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>CMC Date:　July 24, 2008<br>Time:　　　2:30 p.m.<br>Place:　　　Ctrm. 9, 19th Floor |

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16-9, a Planning Conference was held on July 2, 2008, between Ismael D. Perez, counsel for Plaintiff Manuel Guardado ("Plaintiff"), and Gregory C. Cheng, counsel for Defendant Greyhound Lines, Inc. ("Defendant"). The Parties hereby submit the following Joint Case Management Conference Statement pursuant to the Standing Order for All Judges of the Northern District of California:

1. <u>Jurisdiction and Service</u>: This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which was removed by the Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

Although there appears to be no issues regarding personal jurisdiction or venue, Plaintiff believes jurisdiction may be an issue, depending upon individual Defendant, Vander Brown's residency. Notwithstanding, Defendant submits that Brown is a resident of the State of Arizona. Brown also has not been served. Plaintiff hopes that Defendant will accept service on behalf of Brown, which Defendant already has agreed to do.

2. <u>Summary of Facts and Factual Issues In Dispute</u>.

   A. Plaintiff's Claims.

Plaintiff was hired by Defendant GREYHOUND on or about March 19, 1989, pursuant to an oral and implied employment contract, as bus driver in the greater bay area, including but not limited to, County of Santa Clara and San Francisco, California. Throughout the next 17 years, plaintiff received a number of raises, and ever increasing responsibilities, excellent performance reviews, praise, and commendations in recognition for his good performance. Plaintiff's employment continued until May 27, 2006, when Defendant GREYHOUND breached said oral and implied employment contract and was unjustly suspended. Defendants, further violated said oral and implied employment contract by unjustly terminating plaintiff's employment on June 2, 2006 in violation of public policy; in retaliation for opposing unlawful practices; in violation of age discrimination; in violation for exercising plaintiff's rights and/or attempt to exercise his rights afforded by statute; for opposing discriminatory practices, including but not limited to, age, race and national origin; for standing up for his right of privacy and for challenging false accusation

made against him by Defendant's District Manager, Vander Brown, and for accusing Mr. Brown of rude behavior and offensive contact, assault and battery. Plaintiff was further discriminated and retaliated in violation of his rights, contractual and statutory, and for challenging defendant's actions. Plaintiff contends he was unjustly terminated from his employment of 17 years on June 2, 2006 and that Plaintiff's termination was based upon false and pre-textual reasons contrary to public policy and in direct violation of California Government Code Section 12945.2, age discrimination and retaliation, and violation of public policy, California Constitution, Article I, Section 8 against discrimination, violation of Civil Code Sections 51.7 and 52.1 and breach of his employment contract.

        B.      Defendant's Defenses.

Defendant denies any wrongdoing and also denies the characterization of the afore-referenced events. Plaintiff was terminated based upon non-discriminatory and legitimate reasons.

        3.      Legal Issues:

Plaintiff's Key Legal Issues:

1. Whether plaintiff employment is based upon an oral and implied in fact contract of employment subject to termination for good cause;
2. Whether plaintiff was terminated in violation of public policy;
3. Whether plaintiff was subject to retaliation for opposing unlawful employment practices;
4. Whether plaintiff was retaliated for exercising his rights afforded by statute;
5. Whether plaintiff was retaliated for challenging false accusation raised against him by his district manager;
6. Whether plaintiff was subject to discriminatory conduct based upon age, race or national origin;
7. Whether plaintiff was terminated based upon false pre-textual reason contrary to public policy;
8. Whether defendant violated California Government Code Section 12942.2 et., seq.
9. Whether defendant violated California Constitution, Article I, Section 8;
10. Whether defendant violated Civil Code Sections 51.7 and 52.1;

11. Whether plaintiff was subject to assault and battery in the work place;

Defendant's Key Legal Issues:

1. Whether Plaintiff's employment with Defendant was at-will;

2. Whether a purported employment agreement existed between Plaintiff and Defendant;

3. Whether Plaintiff engaged in any protected activity;

4. Whether Plaintiff was terminated based upon any alleged protected activity;

5. Whether Plaintiff was assaulted and/or battered by Vander Brown;

6. Whether Defendant's decision to terminate Plaintiff was based upon non-discriminatory, legitimate reasons; and

7. Whether Plaintiff's allegations are unreasonable, frivolous, and vexatious.

4. <u>Motions</u>: There are no prior or pending motions. Defendant anticipates filing a (1) Motion for Summary Judgment, or alternatively, for Summary Adjudication of the Issues; (2) Motions *in Limine*; and (3) Motion to Bifurcate Liability phase from the Damages phase.

5. <u>Amendment of Pleadings</u>: The parties do not anticipate that it will amend its pleadings.

6. <u>Evidence Preservation</u>: Once it learned of this lawsuit, Defendant has taken all reasonable steps to preserve evidence potentially relevant to this matter.

7. <u>Disclosures</u>: Pursuant to Rule 26, the Parties intend to exchange their Initial Disclosures on or about August 1, 2008.

8. <u>Discovery</u>: Defendant has propounded written discovery to Plaintiff as well as serve deposition subpoenas to third parties. Defendant intends to serve additional written discovery and take the depositions of Plaintiff and several key witnesses.

Plaintiff intends to propound discovery by way of Special Interrogatories, Request for Documents, Request for Admissions, and Depositions. Plaintiff anticipates at least 5-8 depositions from various witnesses and defendants.

The parties propose the following discovery plan:

A. All written discovery and fact witness depositions, party and non-party, shall be completed no later than forty-five (45) days before the date set for trial.

        B.     Reports from retained experts, if any, by any party who bears the burden of proof on any claim or defense shall be served no later than forty-five (45) days before the date set for trial, and Defendant requests that said expert(s) shall be deposed no later than fifteen (15) after the date set for exchange of expert reports, if any. Plaintiff requests that expert(s) shall be deposed no later than thirty (30) days after the date set for exchange of expert reports.

        C.     The parties do not presently propose any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rule, without prejudice to any Party's right to seek such changes later either by stipulation or court order.

9.     <u>Class Action</u>: This is not a class action case.

10.    <u>Related Cases</u>: As of the date of filing of this Joint Case Management Statement, the Parties are unaware of any related proceedings or cases pending before other judges of this court or before any other court.

11.    <u>Relief</u>: Plaintiff seeks compensation for all damages, including lost wages, past and future, lost employee benefits, bonuses, vacation benefits, commissions, mental and emotional distress and other special and general damages, and punitive damages, according to proof at trial; Plaintiff was earning approximately $45,000 annually, plus the value of his fringes benefit, and interest at the legal rate. Plaintiff plans to retain an economic expert to establish plaintiffs damages. Plaintiff also seeks compensation for attorney fees on any statutory claims, costs of suit and for such other relief granted by the court.

Defendant alleges that Plaintiff has not been damages by any impermissible act or omission of Defendant.

12.    <u>Settlement and ADR</u>. The parties have generally discussed settlement and alternative dispute resolution. The parties have agreed to participate in a settlement conference before a magistrate judge. Should that be unsuccessful, the parties agree to discuss private mediation, with the parties splitting the costs of such mediation.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: One or more of the parties have filed its declination to proceed before a magistrate judge for all further proceedings.

14.    <u>Other References</u>: Defendant believes this case is suitable for reference to binding

arbitration, but not suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation. Plaintiff objects to binding arbitration.

15. <u>Narrowing of Issues</u>: The parties have agreed to revisit the possibility of narrowing the issues after conducting some discovery.

16. <u>Expedited Schedule</u>: This is not a type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: In addition to the discovery plan set forth above, Defendant proposes that the last day to hear motions is 30 days before the date set for trial. Plaintiff proposes that the last day to hear motions is 45-60 days before the date set for trial.

The parties agree that the pretrial conference shall take place 2 weeks before the date set for trial.

With respect to the trial date, the parties propose that the court set a trial date in September 2009.

18. <u>Trial</u>: Plaintiff has requested a jury trial and the parties anticipate that the trial will last approximately 10 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>. Defendant filed its disclosure on or about April 17, 2008. Defendant alleges that the following parties have a direct, pecuniary interest in the outcome of this case: Defendant, Greyhound Lines, Inc., Defendant Vander Brown, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Plaintiff Manuel G. Guardado; and The Law Offices of Ismael D. Perez.

20. <u>Other Matters</u>: None at this time.

///
///
///
///
///
///
///

1  DATED: July ___, 2008                LAW OFFICES OF ISMAEL D. PEREZ.

2

3                                       By: _____
4                                              Ismael D. Perez
                                        Attorneys for Plaintiff
5                                       MANUEL G. GUARDADO

6

7  DATED: July ___, 2008                OGLETREE, DEAKINS, NASH, SMOAK &
                                        STEWART, P.C.
8

9
                                        By: _____/S/_____
10                                             Gregory C. Cheng
                                        Attorneys for Defendant
11                                      GREYHOUND LINES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28